JAMES H. NORRIS, complainant, *vs.* OMER PILLSBURY.

Kennebec. Opinion July 5, 1882.

*Mill dam. Flowage. Complaint. R. S., c. 92, § 19. Statute 1881, chapter 88, § 3.*

The provisions of R. S., c. 92, § 19,—prohibiting a new complaint, when either party is dissatisfied with the annual compensation established for flowage, until the expiration of one month after payment of what may be due for the then last year, and without one month's notice to the other party,—have no application to a complaint for damages in gross under stat. 1881, chapter 88, § 3.

The complaint under stat. 1881, c. 88, § 3, may be filed without notice, and without reference to the provisions of R. S., c. 92, § 19.

ON EXCEPTIONS.

Complaint under the provisions of stat. 1881, c. 88, § 3.

( Complaint.)

"To the honorable Justices of the Supreme Judicial Court within and for the county of Kennebec, at their session to be held at Augusta, in and for the county of Kennebec, on the third Tuesday of October, A. D. 1881.

"Respectfully represents James Norris, of Monmouth, in said county of Kennebec, that he is the owner of a certain mill, mill privilege and dam, at East Monmouth, in said county, situated on a certain stream, which is not navigable, connecting the

Annabessacook and Cobbosseecontee Great ponds, so called, and is now operating the same.

"That on the seventeenth day of July, 1843, one Truxton Wood, of Winthrop, in said county, filed his complaint in the district court, within and for the county of Kennebec, against Samuel Noyes and Horatio G. Kelley, then the owners and occupants of the same mill, mill dam and water power now owned and occupied by the said complainant, therein alleging that the said dam and the head of water raised thereby flowed his land situated in said Winthrop, and described as follows: Being a part of Great Back Lot 22, on the west side of South pond, so called, and bounded on the north by land of Luther Cobb; on the east by said pond; on the south by land of Joseph Wood, and on the west by land of Elijah Wood, and that thirty acres of the above land lying near the west side of said pond were damaged by the flowing caused by said dam.

"That said complaint was entered at the August term, 1843, was defaulted and commissioners appointed at the December term, 1843, and that said commissioners made their report at the August term, 1844.

"That said complaint was afterward appealed to the June term, 1846, of the Supreme Judicial Court, within and for said county, and continued in said court from term to term, until the May term, 1850, when judgment was given for the complainant, and execution thereon opened December 9, 1850.

"That by the judgment of said court it was determined that the respondents should pay as annual damages occasioned by said flowing the sum of three dollars and twelve cents.

"And your petitioner further represents that he is now the owner of the mill, mill dam and privilege which was occupied by the respondents in the aforesaid complaint, and that as such owner is compelled to pay an annual damage for the flowage caused by said dam as specified in the report of said commissioners, and in the judgment of said court, and that he is put to great trouble and expense thereby.

"And that one Omer Pillsbury of Winthrop, in said county of Kennebec, now owns and occupies the land herein before described.

"Wherefore your petitioner prays that the damages, if any, caused by flowing such lands by the dam and head of water raised thereby at its present height, may be assessed in gross; that such notice may be given on this petition to the respondent, Omer Pillsbury, as to your honors may seem necessary, and that commissioners may be appointed to ascertain, determine and report the damages, if any, in gross, caused by the flowing of said land by said dam at its present height, according to the statute in such case made and provided.

Augusta, August 4, 1881.                    James II. Norris."

Defendant moved to dismiss because the time of payment of the annual damages was August 3, 1881, and one month did not thereafter elapse before bringing this complaint; also because the notice required by R. S., c. 92, § 19, to be given the respondent before bringing the complaint, was not given.

The presiding justice overruled the motion.

The defendant then filed a general demurrer, which was joined, and overruled by the presiding justice. The defendant alleged exceptions to the rulings on the motion and demurrer.

*Orville D. Baker*, for the plaintiff.

*J. H. Potter*, for the defendant.

The real question to be determined in this case is whether the notice prescribed by R. S., c. 92, § 19, should have been given.

If the notice should have been given, then it would be necessary to prove the same, and as the complaint contains no allegation that the notice was given, it is insufficient in law, and demurrer lies, for whatever it is necessary to prove it is necessary to allege.

The whole of stat. 1881, c. 88, (the amendment) is additional to and amendatory of R. S., c. 92, § 9. It relates to but one subject, viz.: the assessment of damages in gross. The amendment, neither expressly nor by implication, repeals any portion of c. 92 of the R. S., nor does it change, alter or modify any section thereof, except § 9. It simply provides that in addition to annual damages they may be assessed in gross, and even then the annual damage stands, unless the complainant elects within ten days after the commissioners' report is filed, to accept the damages.

in gross. Therefore § 19, of c. 92 of the R. S., remains in full force. That section provides that "no new complaint shall be brought until the expiration of one month after the payment of the then last year is due, and one month after notice to the other party; and the other party may within that time make an offer or tender as herein after is provided."

The reason for the enactment of the last named section, or at least that part of it which relates to the notice to be given, is fully set forth in § § 20 and 21. It was enacted that the parties might compromise the matter without litigation, or at least that the party against whom the complaint was to be brought, could have the opportunity of making his offer, and, if reasonable, avoid costs.

Does not this reason still remain? Cannot damages in gross be adjusted between the parties as well as yearly damages? Cannot the mill owner now offer to pay a certain sum as damage for all future time, which offer if accepted by the land owner would be a perfect bar to all future complaints?

APPLETON, C. J. The motion and demurrer filed by the respondent must both be overruled.

There was no provision for the assessment of damages in gross before the passage of c. 88 of the acts of 1881. The first section by its terms is to be added to section nine of R. S., c. 92. By its provisions the commissioners are to determine the damages in gross as well as the yearly damages. The mill owners may elect within ten days after the report is presented to the court to pay the damages in gross, but if they fail to make the election, the annual damages shall stand as the judgment of the court.

By § 2, if the damages in gross are paid, the judgment is a bar to all further proceedings "so long as the dam and flash-boards remain at the same height." In case either are raised a new complaint may be made by the owner of land for such additional flowage.

By section third, "in any case where annual damages have been determined by a judgment of the court the owner of the dam or mills may apply to the court by a *new complaint* to have the damages assessed in gross." The *new* complaint is one first given

by this, and not by another and preceding act. The complaint before us sets forth all the facts required to authorize the owner of the dam or mills to apply to the court to have the damages in gross ascertained and determined, and is in strict accord with the provisions of the act.

It is urged in defence that this complaint is not maintainable because commenced "before the expiration of one month after payment" of what is due "of the then last year," and without one month's previous notice as required by R. S., c. 92, § 19. But this section has no relation to a complaint like the present. It refers exclusively to cases under § 18 where either party being dissatisfied with the annual compensation as established, seeks to increase or diminish such compensation for the future. But when damages have been once assessed in gross there can be no reassessment nor new complaint. The sections following section nineteen are obviously inapplicable to a complaint when it is sought to have damages assessed in gross.

The statute of 1881 is a new and independent act of legislation and is to be construed by its own provisions.

*Exceptions overruled.*

WALTON, BARROWS, DANFORTH, VIRGIN and PETERS, JJ., concurred.